**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAUL WILLIAMS,

    Petitioner,                                    Civil No. 05-CV-40198-FL
                                                      HONORABLE PAUL V. GADOLA
v.                                               UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

      Saul Williams, ("petitioner"), presently confined at Camp Cusino in Shingleton, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in his *pro se* "Emergency Petition for Writ of Habeas Corpus as of Right." Although petitioner does not specifically identify the state court judgment that he is challenging, petitioner has attached to his petition a document entitled "In Re: Motion to Dismiss for Lack of Jurisdiction," which was filed in the Wayne County Circuit Court under case number 02-06893-02. Petitioner has also attached a Judgment of Sentence Commitment to Corrections Department to his petition, which indicates that petitioner was convicted by a jury in the Third Judicial Circuit Court, Criminal Division under this case number of armed robbery, M.C.L.A. 750.529; assault with intent to rob while armed, M.C.L.A. 750.89; and home invasion in the first degree, M.C.L.A. 750.110a(2). Petitioner's conviction was affirmed on appeal. *People v. Perry,* 2004 WL 1393781 (Mich. Ct. App. June 22, 2004); *lv.*

1

*den sub nom People v. Williams.* 471 Mich. 954; 690 N.W. 2d 118 (2004). A review of the Michigan Court of Appeals' opinion indicates that petitioner was convicted of these offenses and received the sentences that are listed in the judgment of sentence, which petitioner has attached to his petition for writ of habeas corpus.

The allegations the instant petition for writ of habeas corpus are difficult to discern, but it appears that petitioner's primary challenge to his conviction is that the Wayne County Circuit Court lacked jurisdiction to try him. In his "Writ of Praecipe to the Clerk," which he has also attached to his petition, petitioner alleges that his Thirteenth Amendment right to be free from involuntary servitude has also been violated by the State of Michigan. Petitioner also claims that he was never informed of the nature of the charges against him, that he was denied the effective assistance of counsel, that his constitutional right to travel has been violated, and that he was denied his Fifth Amendment right to be charged by indictment. The Court will address each of these claims below. Because the petition legally and factually fails to demonstrate that petitioner is being detained in violation of the United States Constitution, the Court will summarily dismiss the petition.

## I. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas

corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No answer to a habeas petition is necessary if the petition is frivolous, or obviously lacks merit, or if the necessary facts can be determined from the petition itself without consideration of an answer by the state. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes, for reasons stated below, that petitioner's habeas claims are meritless, such that the petition must be summarily dismissed. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crime for which he was convicted.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of

an alleged violation of state law). In addition, any reliance by petitioner on the Uniform Commerical Code (U.C.C.) in support of his jurisdictional argument is without merit, because the U.C.C. is inapplicable to criminal proceedings. *See, e.g., United States v. Humphrey,* 287 F.3d 422, 435 (6th Cir. 2002).

Petitioner also contends that his Thirteenth Amendment right to be free from involuntary servitude has been violated. The Thirteenth Amendment has an express exception for persons who have been imprisoned pursuant to a conviction for a crime. *See Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999); *See also Tracy v. Keating,* 42 Fed. Appx. 113, 116 (10th Cir. 2002)(Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime). This claim is therefore without merit.

Petitioner also claims, in conclusory fashion, that he was never informed of the nature and the cause of the accusations against him. A state criminal defendant has a due process right to be informed of the nature of the accusations against him. *Lucas v. O'Dea,* 179 F.3d 412, 417 (6th Cir. 1999). Notice and an opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v.*

*McFaul,* 843 F.2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the accused of the crime in sufficient detail so as to enable the accused to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). In addition, an accused's constitutional right to notice of the criminal charge or charges brought against him can be satisfied by other means, such as a bill of particulars, a preliminary examination, and criminal pre-trial discovery. *Dowell v. C.M. Lensing,* 805 F. Supp. 1335, 1343 (M.D. La. 1992).

An alleged defect in a state court indictment is therefore not a constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. *See United States ex. rel. Gill v. Gramley,* 16 F. Supp. 2d 924, 935 (N.D. Ill. 1998). In this case, petitioner has failed to allege, must less prove, that he was denied the opportunity to defend against these charges by the allegedly inadequate notice. Accordingly, this claim fails.

Moreover, petitioner was convicted by a jury after a trial. This fact indicates that petitioner did have notice and an opportunity to defend himself. The Ninth Circuit has observed that neither *Cole v. Arkansas*, *supra*, nor *In re Oliver*, *supra,* "foreclose the

5

premise that constitutionally adequate notice may come from evidence presented at trial." *See Troches v. Terhune,* 74 Fed. Appx. 736, 737 (9th Cir. 2003). Petitioner has therefore failed to show that he lacked adequate notice of the charges against him in this case.

Petitioner next contends that he was deprived of the effective assistance of counsel because his choice of counsel was limited to attorneys licensed by the State of Michigan. Petitioner claims that his lawyer was laboring under a conflict of interest, because all attorneys in Michigan are agents of the State of Michigan, as a result of the licensing requirement. Although "[t]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). A criminal defendant's Sixth Amendment right to choose his own counsel is therefore circumscribed in several respects. *Id.* In particular, an advocate who is not a member of the bar may not represent clients (other than himself) in court. *Id.* A criminal defendant does not have a Sixth Amendment right to be represented by an unlicensed attorney in court. *See e.g. United States v. Amlani,* 111 F.3d 705, 711 (9th Cir. 1997). Petitioner's claim for ineffective assistance of counsel is therefore without merit.

Petitioner also claims that his attorney labored under a conflict of interest for the same reason: because the attorney was a member of the State Bar of Michigan. Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington,* 466 U.S. 668, 688 (1984)(*citing Cuyler v. Sullivan,* 446 U.S. 335,

346 (1980)).  However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction.  *Reedus v. Stegall,* 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001)(citing *United States v. Hall,* 200 F.3d 962, 966 (6th Cir. 2000); additional citations omitted).  Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Reedus,* 197 F. Supp. 2d at 782 (citing *Strickland,* 466 U.S. at 692).  To show this, a habeas petitioner "must make a factual showing of inconsistent interests and must demonstrate that the attorney 'made a choice between possible courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to another." *Reedus,* 197 F. Supp. 2d at 782-783 (*quoting Thomas v. Foltz,* 818 F.2d 476, 481 (6th Cir. 1987)).  If a habeas petitioner does not show that his trial counsel had an actual conflict of interest which prejudiced his defense, he is not entitled to habeas relief on this claim. *Reedus,* 197 F. Supp. 2d at 783.

A federal court on habeas review will not find an actual conflict of interest unless a habeas petitioner can point to specific instances in the record to suggest an actual conflict or impairment of his interests.  See *Reedus,* 197 F. Supp. 2d at 783 (citation omitted). Conclusory allegations of a conflict of interest which adversely affected a habeas petitioner's legal representation do not warrant federal habeas relief. *Id.*  In the present case, petitioner has failed to allege or to prove that this alleged conflict of interest prejudiced his defense.  Petitioner is therefore not entitled to habeas relief on this claim.

Petitioner next contends that his constitutional right to travel has been violated.  As

a general rule, convicted and detained individuals do not enjoy a fundamental right to travel. *See Jones v. Helms,* 452 U.S. 412, 419 (1981). Petitioner has been duly convicted and detained, and therefore does not enjoy a constitutional right to travel.

Petitioner also alleges that his conviction was unconstitutional because he was never indicted by a grand jury. The federal guarantee of a charge by indictment, however, does not apply to the states. *See Lucas,* 179 F.3d at 417. Therefore, petitioner is not entitled to habeas relief on this claim.

The Court also determines that it is appropriate to address the issue of a certificate of appealability ("COA") at this time. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 at 893, n.4 (1983)). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

This Court has conducted a threshold inquiry into the underlying merits of Petitioner's claims. The Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right in his claims, as required by 28 U.S.C. §

8

2253(c)(2).  This Court finds that jurists of reason would not debate the conclusions stated above.  Therefore, Petitioner has failed to show that he is entitled to a COA.

### IV. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 cases.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Paul V. Gadola  
**HON. PAUL V. GADOLA**  
**UNITED STATES DISTRICT COURT**

DATED:     July 8, 2005

---

Certificate of Service

I hereby certify that on ____July 8, 2005____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ____Saul Williams_____.

s/Ruth A. Brissaud  
Ruth A. Brissaud, Case Manager  
(810) 341-7845

9